IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCA DELAGARZA, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:21-cv-00041 | |
| § | JURY TRIAL DEMANDED | |
| FAMILY DOLLAR STORES OF § | | |
| TEXAS, LLC, § | | |
| *Defendant*. § | | |
| § | | |

### DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S
### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Federal Rule of Civil Procedure 81, and Local Rule 81, Defendant FAMILY DOLLAR STORES OF TEXAS, LLC (hereinafter referred to as "FAMILY DOLLAR") hereby removes to this Court, the state court action described in Paragraph 1 below.  Pursuant to 28 U.S.C. § 1446(a), FAMILY DOLLAR sets forth the following "short and plain statement of the grounds for removal."

### A.     THE REMOVED CASE

1.     The removed case is a civil action filed with the 295th Judicial District Court in Harris County, Texas, on or about December 11, 2020, styled *Francisca DeLaGarza v. Family Dollar Stores of Texas, LLC*; Cause No. 2020-79655 (the "State Court Action").  The case arises from an alleged injury sustained by Plaintiff, Corine Harvey,

on or about June 10, 2017 while in FAMILY DOLLAR'S store located in Houston, Harris County, Texas.

### B. DOCUMENTS FROM REMOVED ACTION

2.  Pursuant to Local Rule 81 and 28 U.S.C. 1446(a), FAMILY DOLLAR attaches the following documents to this Notice of Removal as Exhibit "A":

    i. All executed service of process;

    ii. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

    iii. The docket sheet;

    iv. Index of matters being filed; and

    v. A list of all counsel of record, including addresses, telephone numbers and parties presented.

### C. REMOVAL PROCEDURE

3.  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441. The Houston Division of the Southern District Court of Texas is the United States district and division embracing Harris County, Texas, the county in which the State Court Action is pending.

4. FAMILY DOLLAR was served with a copy of Plaintiff's Original Petition, ("Petition") on December 17, 2020, through its registered agent. Therefore, this Notice of Removal is filed within the time limits specified in 28 U.S.C. § 1446(b).

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders in the State Court Action as of the date of this pleading are attached hereto as *Exhibit "A"* and incorporated herein for all purposes.

6. FAMILY DOLLAR will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the 295th Judicial District Court of Harris County, Texas, where the action is currently pending.

D. **VENUE IS PROPER**

7. The United States District Court for the Southern District of Texas is the proper venue for removal of the state court action pursuant to 28 U.S.C. § 1441(a) because the 295th Judicial District Court in Harris County, Texas, is located within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

E. **COMPLETE DIVERSITY OF CITIZENSHIP EXISTS**

8. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

9. As admitted in her Petition, Plaintiff is an individual who resides in Harris County, Texas."[1]

10. Defendant FAMILY DOLLAR is a foreign limited liability company organized and existing under the laws of the Commonwealth of Virginia. As a limited liability company, FAMILY DOLLAR is comprised of one member entity: Family Dollar Stores of Ohio, Inc., which has a one-hundred percent (100%) interest in FAMILY DOLLAR.

11. Because Plaintiff is a resident of the State of Texas and Defendant FAMILY DOLLAR is not, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

F. **THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

12. Plaintiff alleges in her Original Petition that she seeks damages not to exceed $75,000.[2] Plaintiff also seeks to recover damages against FAMILY DOLLAR for: (a) past and future medical expenses; (b) past and future pain, suffering and mental anguish; (c) past and future physical impairment; (d) past and future physical disfigurement; (e) and lost wages and future loss of earning capacity.[3]

13. Plaintiff impermissibly pleads that the amount in controversy does not exceed $75,000. Despite Plaintiff's contention that the amount in controversy is no more than $75,000, viewing the Petition in its totality demonstrates that the damages Plaintiff

---

[1] Pl. Original Petition at ¶ 4.
[2] *See* Pl. Original Petition at ¶ 3.
[3] *Id.* at ¶ 13.

seeks are more than likely in excess of $75,000. Further, Plaintiff's damage-limiting statement was made in bad faith as it goes beyond the permissible pleading requirements of Texas Rule of Civil Procedure Rule 47 (c). As such, the only conclusion that can be reached is that the Plaintiff's damages-limiting statement in the Petition is included for the sole purpose of evading this Court's jurisdiction.

14. District courts interpreting Rule 47 have continued to hold that plaintiffs may not plead unliquidated damages in a specific amount.[4] When determining the amount in controversy, federal courts consult the state court petition. The sum claimed by the plaintiff controls if the claim is apparently made in good faith.[5] However, Plaintiff's specific damages statement should not be deemed the amount in controversy because "[s]uch manipulation is surely characterized as bad faith."[6] Texas Rule of Civil Procedure 47(c) requires plaintiffs to plead a specific range of damages, by asserting one of the five (5) available statements expressly set forth therein. The Rule requires a plaintiff to state that she seeks: (1) only monetary relief of $100,000 or less including damages of any kind penalties, costs expenses, pre-judgment interest, and attorneys'

---

[4] *See, e.g., A &C Disc. Pharmacy, L.L.C. v. Caremark, L.L.C.,* Civ. A. No. 3:16–CV–0264–D, 2016 WL 3126237, at *2 n.2 (N.D. Tex. June 3, 2016)("[B]ecause Rule 47 'requires plaintiffs to state their damage requests in the form of... prescribed, broad ranges, that provision effectively preclude[s] plaintiffs from requesting specific damage amounts.'(citation omitted)); *Chavez v. State Farm Lloyds,* Civ. A. No. 7:15–CV–487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016) ("[W]hile it is true that [Rule 47] was amended 'to require a more specific statement of the relief sought by a party,' Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000." (citing Tex. R. Civ. P. 47)).
[5] *See Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 828, 838 (E.D. Tex. 2008).
[6] *Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar*, 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc.* (Ohio), No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014); *Espinoza v. Allstate Texas Lloyds*, 222 F. Supp.3d 529, 536 (W.D. Tex. 2016).

fees; (2) monetary relief of $100,000 of less and non-monetary relief; (3) monetary relief over $100,000 but not more than $200,000; (4) monetary relief over $200,000, but not more than $1,000,000; or (5) monetary relief of over $1,000,000.[7] Plaintiff, however, took an unnecessary step further and added that "the amount in controversy" to avoid removal to federal court. Texas law has never permitted a plaintiff to plead that he or she seeks damages of "$75,000 or less."[8]

15.   The Plaintiff is well aware that her damages exceed $75,000 and is trying to avoid federal court. For example, *Wilson v. Hibu* is instructive on this issue.[9] In that case, the court stated that Rule 47 does not provide plaintiff with "a means to avoid federal jurisdiction" by pleading that her damages were only $75,000 or less.[10] In denying the plaintiff's motion for remand, the court determined that plaintiff's allegations regarding the amount of monetary relief in the petition could not serve as a basis for remand.[11]

16.   Thus, there is no justifiable reason for Plaintiff to plead damages in manner that she did in the Petition and in violation of Rule 47, unless she is

---

[7] *See*, Tex. R. Civ. Pro. 47(c).
[8] *Chavez v. State Farm Lloyds*, Civ. A. No. 7:15–CV–487, 2016 WL 641634, at *2.
[9] *Wilson v. Hibu*, Civ. A. 3:13-CV-2012-L, 2013 WL 5803816, at *3 (N.D. Tex. Oct. 28, 2013).
[10] *Id.*
[11] *Id.*

purposefully trying to evade federal jurisdiction. Because Plaintiff's damages-limiting statement was made in bad faith, it does not control the Court's analysis.[12]

17.     Therefore, based on all of the aforementioned facts, the State Court Action may be removed to this Court by FAMILY DOLLAR in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $ 75,000, exclusive of interest and costs.

### G.     FILING OF REMOVAL PAPERS

18.     Pursuant to 28 U.S.C. § 1446(d), FAMILY DOLLAR is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the 295th Judicial District Court, Harris County Texas, in which this action was originally commenced.

### H.     CONCLUSION

19.     Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC, hereby removes the above-captioned action from the 295th Judicial District Court Harris County Texas, and requests that further proceedings be conducted in the United States District Court for the Southern District of Texas, Houston Division, as provided by law.

---

[12] *See Chavez*, 2016 WL 641634, at *2 (holding that plaintiff's statement that her damages were "less than $75,000.00" were impermissible under Texas law, did not control the court's analysis of the amount in controversy, and was made in bad faith); *Ford v. United Parcel Serv., Inc. (Ohio)*, Civ. A. No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (same).

Respectfully submitted,

**MAYER LLP**

4400 Post Oak Parkway, Suite 1980
Houston, Texas 77027
713.487.2000 / Fax 713.487.2019

By: ___*Raul I. Saenz*___
    **Kevin P. Riley**
    *Attorney-in-Charge*
    State Bar No. 16929100
    Southern Bar No. 13766
    E-Mail: kriley@mayerllp.com
    **Raul I. Saenz**
    State Bar No. 24093092
    Southern Bar No. 2924208
    E-Mail: rsaenz@mayerllp.com

**ATTORNEYS FOR DEFENDANT
FAMILY DOLLAR STORES OF TEXAS, LLC**

9 | P A G E

## CERTIFICATE OF SERVICE

This is to certify that on the 6th day of January 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

| | |
|---|---|
| Pedro E. Perez-Navejar<br>DASPIT LAW FIRM<br>440 Louisiana St., Suite 1400<br>Houston, Texas 77002<br>Email: e-service@daspitlaw.com<br><br>**ATTORNEY FOR PLAINTIFF** | ☒ E-MAIL AND/OR E-SERVICE<br>☐ HAND DELIVERY<br>☐ FACSIMILE<br>☐ OVERNIGHT MAIL<br>☐ REGULAR, FIRST CLASS MAIL<br>☐ ECM<br>☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED |

*Raul I. Saenz*
Raul I. Saenz