# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FRANCISCA DELAGARZA,          §
    *Plaintiff,*              §
                              §
v.                            §          CIVIL ACTION NO. _____
                              §          JURY TRIAL DEMANDED
FAMILY DOLLAR STORES OF       §
TEXAS, LLC,                   §
    *Defendant.*             §
                              §

## DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S
## INDEX OF MATTERS BEING FILED

Pursuant to Federal Rule of Civil Procedure 81, Defendant FAMILY DOLLAR STORES OF TEXAS, LLC hereby attaches this Index of Matters Being Filed to its Notice of Removal.

**Exhibit 1:**    All Executed Process:

- Executed Return of Service on Family Dollar Stores of Texas, LLC served on December 17, 2020.

**Exhibit 2:**    All State Court Pleadings:

- Plaintiff's Original Petition and Discovery Request, filed on December 11, 2020;
- Defendant Family Dollar Store of Texas, LLC Original Answer to Plaintiff's Original Petition filed on January 6, 2020
- Defendant Family Dollar Store of Texas, LLC's Jury Demand filed on

**Exhibit 3:**    State Court Docket Sheet

**Exhibit 4:**    List of all counsel of record, including addresses, telephone numbers, and parties represented.

# EXHIBIT 1

*(Executed Service of Process)*

12/22/2020 11:17 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49165760
By: Lewis John-Miller
Filed: 12/22/2020 11:17 AM

CAUSE NO. 202079655

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 921453  TRACKING NO: 73822616
EML

| Plaintiff: | In The 295th |
| DELAGARZA, FRANCISCA | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| FAMILY DOLLAR STORES OF TEXAS LLC | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:     FAMILY DOLLAR STORES OF TEXAS LLC (CORPORATION) BY SERVING ITS REGISTERED AGENT CORPORATION SERVICES COMPANY D/B/A CSC-LAWYERS INCORPORATED 211 EAST 7TH STREET SUITE 620, AUSTIN TX 78701**

Attached is a copy of: PLAINTIFF ORIGINAL PETITION AND FIRST SET OF DISCOVERY

This instrument was filed on December 11, 2020 in the above cited cause number and court.  The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on December 16, 2020, under my hand and seal of said court.

Issued at the request of:

Daspit, John
440 LOUISIANA, SUITE 1400
HOUSTON, TX  77002
713-588-0383
Bar Number: 24048906

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:CYNTHIA CLAUSELL

IN THE 295TH JUDICIAL DISTRICT
HARRIS COUNTY, TEXAS

CAUSE NO: 202079655

FRANCISCA DELAGARZA
VS
FAMILY DOLLAR STORES OF TEXAS, LLC

# RETURN

Came to my hand: __12/16/2020__ , at __04:30__ o'clock __P.M.__ , the following
specified documents:

- Citation
- Plaintiff's Original Petition and First Set of Discovery
- Request for Disclosures
- Jury Demand

and executed by me on: __12/17/2020__ , at __1:17__ o'clock __P.M.__ , at

__211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701, within the county of TRAVIS__, by
delivering to __FAMILY DOLLAR STORES OF TEXAS, LLC__, by delivering to its registered
agent, __CORPORATION SERVICE COMPANY dba CSC-LAWYERS INCORPORATING
SERVICE COMPANY__, by delivering to __JOHN SPEIDEL__ , employee/managing
agent, in person, a true copy of the above specified documents having first endorsed
on such copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I
declare under penalty of perjury that the foregoing is true and correct.

Authorized Person: _George L. Castillo; PSC 14440_
Expiration Date: _8 / 30 / 2021_

STATE OF TEXAS    }

### VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known
to me to be the person whose name is subscribed to the foregoing document and, being by me first duly
sworn, declared that the statements and facts therein contained are within his/her personal knowledge
and experience to be true and correct. Given under my hand and seal of office on this the _17th_ day of
_December_, _2020_ .

Notary Public

Dana L. McMichael
ID #4733578
My Commission Expires
April 25, 2024

Unofficial Copy Office of Harris County District Clerk

# EXHIBIT 2

*(State Court Pleadings)*

12/11/2020 5:42 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48892860
By: Cynthia Clausell-McGowan
Filed: 12/11/2020 5:42 PM

## CAUSE NO. _____

| | | |
|---|---|---|
| **FRANCISCA DELAGARZA** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **FAMILY DOLLAR STORES OF** | § | |
| **TEXAS, LLC** | § | |
| | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY

Plaintiff, Francisca DeLaGarza (hereinafter, "Plaintiff") complains of Defendant, Family Dollar Stores of Texas, LLC, (hereinafter, "Defendant"), and would respectfully show the Court that:

### Discovery Control Plan

1.     Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2.     The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### Statement Regarding Monetary Relief Sought

3.     Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of no more than $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff further pleads that the amount in controversy in this matter does not exceed $75,000.00.

## Parties

4.    Plaintiff is an individual residing in Harris County, Texas.

5.    Defendant, Family Dollar Stores of Texas, LLC (hereinafter "Defendant"), is a corporation engaged in business in Harris County, Texas. Defendant may be served with process by serving its registered agent, Corporation Services Company d/b/a CSC -- Lawyers Incorporated, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

## Facts

6.    This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about November 1, 2020. At that time, Plaintiff was an invitee at Defendant's store at 2300 N. Alexander Dr., Baytown, Texas 77520.  Plaintiff was walking through the Defendant's store when she slipped and fell on soap spilled on the ground. The slip and fall caused the Plaintiff to suffer severe injuries to her back, right foot, elbow, and other parts of her body. There were no warning signs present or any other signs of caution near the area where the incident occurred. Plaintiff was not aware of the dangerous and defective condition.

7.    At the time of the incident in question, Plaintiff was an invitee of the Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

8.    Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to

2

inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant's premises.

9.      Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

a.  Failure to maintain the premises, including floor and walkways, in a reasonably safe condition;

b.  Failure to inspect the premises where the dangerous condition existed;

c.  Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

d.  Failure to inform Plaintiff of the dangerous condition existing on the premises; and

e.  Other acts deemed negligent.

10.     Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

11.     Defendant was also negligent in that it failed to act as a reasonably prudent premise owner would act in the same or similar situation.

**Damages**

12.     As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

13.     By virtue of the actions and conduct of Defendant as set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

a.  Past and future medical expenses;

b.  Past and future pain, suffering and mental anguish;

c.  Past and future physical impairment;

d.  Past and future physical disfigurement; and

e.  Past lost wages and future loss of earning capacity.

3

14.     By reason of the above, Plaintiff is entitled to recover damages from Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

### Request for Disclosures

15.     Pursuant to Rule 194, Tex. R. Civ. P., Plaintiff requests that Defendant discloses, within fifty days of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

### Other Discovery

16.     Plaintiff refers you to the attached Requests for Admissions, Interrogatories and Requests for Production, and notifies you that a response is required within 50 days of service of these requests.

### Rule 193.7 Notice

17.     Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

### Jury Demand

18.     Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

### Prayer

Plaintiff prays that this citation issues and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appears and answers, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre and post-judgment interest, all costs of Court, and all such other and further relief, to which she may be justly entitled.

4

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Pedro E. Perez-Navejar*
**Pedro E. Perez-Navejar**
Texas State Bar No. 24121051
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile:  (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

5

1/6/2021 8:04 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49430037
By: Kevin Childs
Filed: 1/6/2021 8:04 AM

CAUSE NO. 2020-79655

| | | |
|---|---|---|
| FRANCISCA DELAGARZA | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| v. | § | 295TH JUDICIAL DISTRICT |
| | § | |
| FAMILY DOLLAR STORES OF | § | |
| TEXAS, LLC | § | |
| *Defendant*. | § | HARRIS COUNTY, TEXAS |

## DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S
## ORIGINAL ANSWER

Defendant, Family Dollar Stores of Texas, LLC, ("Family Dollar") hereby files its

Original Answer to Plaintiff's Original Petition as follows:

### I.
### GENERAL DENIAL

1.      Family Dollar denies each and every, all and singular, the material

allegations contained within Plaintiff's pleadings and demands strict proof thereof.

### II.
### SPECIAL EXCEPTION

2.      Family Dollar specially excepts to the Plaintiff's Petition because Plaintiff

fails to properly plead the damages she seeks in this case. Pursuant to Texas Rule of

Civil Procedure 47(c) (the "Rule"), Plaintiff must plead one of the five specified

statements in the Rule assigning the only available ranges of monetary damages

permitted and Plaintiff has failed to do so.  A party that fails to comply with Rule 47(c)

may not conduct discovery until the party's pleading is amended to comply.

## III.
## INFERENTIAL REBUTTALS

3.      Notwithstanding the foregoing, Family Dollar asserts the following by

way of inferential rebuttal and requests that the Court instruct the jury as follows:

a.  ***New and Independent Cause / Superseding Intervening Cause***.  The alleged
    damages in question as set forth in the Petition were caused by the conduct of
    Plaintiff, and that said conduct destroyed any causal connection between the
    alleged acts or omissions of Family Dollar and the injuries complained of thus
    becoming an independent, superseding, or intervening cause of the Plaintiff's
    alleged damages.

b.  ***Sole Proximate Cause***. The act(s) or omission(s) of Plaintiff or a third party
    was the sole cause of the damages she alleges in the Petition and therefore,
    Family Dollar is not liable to the Plaintiff.

## IV.
## AFFIRMATIVE DEFENSES

4.      Pleading further, alternatively, and by way of affirmative defense, Family

Dollar asserts that any damages sought to be recovered by Plaintiff should be reduced

to the extent that Plaintiff has failed to take the reasonable steps that a person of

ordinary prudence in a similar situation would have taken to avoid and mitigate the

claimed damages.

5.      Pleading further, alternatively, and by way of affirmative defense, F

Family Dollar asserts that in the unlikely event that an adverse judgment would be

rendered against it, Family Dollar would respectfully request all available credits and/or offsets as provided by the Texas Civil Practice & Remedies Code and under Texas law.

6.     Family Dollar hereby gives notice that it intends to rely upon such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter, and hereby reserves the right to amend its Original Answer to assert such defenses.

7.     Pleading further, alternatively, and by way of affirmative defense, Family Dollar asserts that in addition to any other limitation under law, Plaintiff's recovery of medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code.

8.     Pleading further, alternatively, and by way of affirmative defense, Family Dollar hereby affirmatively pleads that Plaintiff engaged in acts, including acts of negligence, which caused her alleged damages. Therefore, Plaintiff is barred, in whole or in part, from recovering any damages from Family Dollar.

9.     Pleading further, alternatively, and by way of affirmative defense, Family Dollar hereby requests that the trier of fact in this matter, after a trial on the merits, consider and determine the percentage of responsibility of Plaintiff and any other party

or responsible third party pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code.

10.     Pleading further, alternatively, and by way of affirmative defense, Family Dollar asserts that Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent accidents, events, or occurrences. Family Dollar further asserts that Plaintiff's claims of injuries and damages are the result in whole or in part of pre-existing conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part of Family Dollar.

11.     Pleading further, alternatively, and by way of affirmative defense, Family Dollar alleges that the accident made the basis of this lawsuit was just that, an accident, not caused by the negligence of any party.

12.     By way of affirmative defense, Plaintiff's claims, if any, for lost wages and/or loss of future earning capacity are barred, limited, restricted, and/or governed by the provisions of the Texas Civil Practice & Remedies Code Chapter 18, and any other applicable statute concerning the recovery of damages and the common law of Texas and limiting same to the net loss after reduction for income tax payments or unpaid tax liability thereon. Accordingly, Family Dollar specifically pleads the limitations, restrictions and/or bar on the recovery by Plaintiff of such damages in accordance with Chapter 18 and other applicable law.

## PRAYER

13.     Defendant, Family Dollar Stores of Texas, LLC, prays that Plaintiff take nothing by her lawsuit, that Family Dollar go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Family Dollar may show itself justly entitled.

Respectfully submitted,

**MAYER LLP**

4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
713.487.2000 / Fax 713.487.2019


By:   *Raul I. Saenz*
Kevin P. Riley
State Bar No. 16929100
E-mail: kriley@mayerllp.com
Raul I. Saenz
State Bar No. 24093092
E-mail: rsaenz@mayerllp.com

**ATTORNEYS FOR DEFENDANT**
**FAMILY DOLLAR STORES OF TEXAS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 6th day of January 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

Pedro E. Perez-Navejar
DASPIT LAW FIRM
440 Louisiana St., Suite 1400
Houston, Texas 77002
Email: e-service@daspitlaw.com

ATTORNEY FOR PLAINTIFF

☒E-MAIL AND/OR E-SERVICE
☐HAND DELIVERY
☐FACSIMILE
☐OVERNIGHT MAIL
☐REGULAR, FIRST CLASS MAIL
☐ECM
☐CERTIFIED MAIL/RETURN RECEIPT REQUESTED

*Raul I. Saenz*
Raul I. Saenz

1/6/2021 8:04 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49430037
By: Kevin Childs
Filed: 1/6/2021 8:04 AM

CAUSE NO. 2020-79655

| | | |
|---|---|---|
| FRANCISCA DELAGARZA | § | IN THE DISTRICT COURT |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | 295TH JUDICIAL DISTRICT |
| | § | |
| FAMILY DOLLAR STORES OF | § | |
| TEXAS, LLC | § | |
|    *Defendant.* | § | HARRIS COUNTY, TEXAS |

## DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S JURY DEMAND

Defendant, Family Dollar Stores of Texas, LLC, pursuant to the provisions of Rule 216 of the Texas Rules of Civil Procedure, hereby formally makes this demand for a Jury Trial in the above-referenced cause.

Respectfully submitted,

**MAYER LLP**
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
713.487.2000 / Fax 713.487.2019

By:_____*Raul I. Saenz*_____
    Kevin P. Riley
    State Bar No. 16929100
    E-mail: kriley@mayerllp.com
    Raul I. Saenz
    State Bar No. 24093092
    E-mail: rsaenz@mayerllp.com

**ATTORNEYS FOR DEFENDANT**
**FAMILY DOLLAR STORES OF TEXAS, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on the 6th day of January 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

Pedro E. Perez-Navejar
DASPIT LAW FIRM
440 Louisiana St., Suite 1400
Houston, Texas 77002
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

☒E-MAIL AND/OR E-SERVICE
☐HAND DELIVERY
☐FACSIMILE
☐OVERNIGHT MAIL
☐REGULAR, FIRST CLASS MAIL
☐ECM
☐CERTIFIED MAIL/RETURN RECEIPT REQUESTED

*Raul I. Saenz*
Raul I. Saenz

7484270v1 (58000.00596)

# EXHIBIT 3

*(State Court Docket Sheet)*

**HCDistrictclerk.com**        DELAGARZA, FRANCISCA vs. FAMILY DOLLAR        1/6/2021
                               STORES OF TEXAS LLC
                               Cause: 202079655        CDI: 7        Court: 295

### DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 93792248 | DEFENDANT FAMILY DOLLAR STORES OF TEXAS LLCS ORIGINAL ANSWER | | 01/06/2021 | 6 |
| 93792249 | DEFENDANT FAMILY DOLLAR STORES OF TEXAS LLCS JURY DEMAND | | 01/06/2021 | 2 |
| 93635237 | Citation Return | | 12/22/2020 | 2 |
| 93554327 | eIssue: Citation Corporate | | 12/16/2020 | 2 |
| 93492842 | Plaintiffs Original Petition and First Set of Discovery | | 12/11/2020 | 5 |
| ·> 93492843 | Plaintiffs First Set of Discovery to Defendant to Family Dollar Stores of Texas LLC | | 12/11/2020 | 13 |
| ·> 93492844 | Request of Issuance of Service | | 12/11/2020 | 1 |

# EXHIBIT 4

*(List of All Counsel of Record)*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCA DELAGARZA, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | JURY TRIAL DEMANDED |
| FAMILY DOLLAR STORES OF | § | |
| TEXAS, LLC, | § | |
|     *Defendant.* | § | |
| | § | |

## COUNSEL OF RECORD AND INFORMATION PURSUANT TO LOCAL RULE CV-81(C)

(1)     A list of all parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (pending, dismissed);

    ***Plaintiff***     Francisca Delagarza

    ***Defendant***     Family Dollar Stores of Texas, LLC

    The removed case is currently pending.

(2)     A civil cover sheet and a certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g. complaints, amended complaints, supplemental complaints, counterclaims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a).

    See attached civil cover sheet and documents attached to Defendant's Notice of Removal as ***Exhibit "A."***

(3)    A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

| | |
|---|---|
| **DASPIT LAW FIRM**<br>Pedro E. Perez-Navejar<br>440 Louisiana St., Suite 1400<br>Houston, Texas 77002<br>Email: <u>e-service@daspitlaw.com</u><br><br>*Counsel for Plaintiff*<br>**Francisca Delagarza** | **MAYER LLP**<br>Kevin P. Riley<br>State Bar No. 16929100<br>Southern Bar No. 13776<br>Email: <u>kriley@mayerllp.com</u><br>Raul I. Saenz<br>State Bar No. 24093092<br>Southern Bar No. 2924208<br>Email: <u>rsaenz@mayerllp.com</u><br>4400 Post Oak Parkway, Suite 1980<br>Houston, Texas 77027<br>713.487.2000/713.487.2019 – fax<br><br>*Counsel for Defendant*<br>**FAMILY DOLLAR STORES OF TEXAS, LLC** |

(4)    A record of which parties have requested a trial by jury (this information is in addition to placing the word "jury" at the top of the Notice of Removal immediately below the case number);

Defendant, Family Dollar Stores of Texas, LLC has requested a trial by jury.

(5)    The name and address of the court from which the case is being removed.

295th Harris County District Court
Judge Donna Roth
Harris County Civil Courthouse
201 Caroline, 14th Floor
Houston, Texas 77002
832.927.1375